```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MICHAEL FRANKO,                                              :
                                                             :
                              Plaintiff,                     :
                                                             :       21-cv-6115 (VSB)
              -against-                                      :
                                                             :            ORDER
OSKAR LEWNOWSKI et al.,                                      :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2021

VERNON S. BRODERICK, United States District Judge:

On July 16, 2021, Defendants filed a notice of removal from the New York Supreme Court, New York County, on grounds of diversity jurisdiction. (Doc. 1.) On August 20, 2021, Plaintiff filed a letter arguing that Defendants' "Notice of Removal is defective because it does not plead . . . defendants' citizenship," and instead states only that Defendants are not New Jersey citizens. (Doc. 8, at 1.) Plaintiff's letter was not explicitly a motion for remand, but rather Plaintiff sought to inform me about the issue and see if I needed further clarity on subject-matter jurisdiction in this case. (*See id.* at 2.)

On August 23, 2021, Defendants submitted a filing in response to Plaintiff's letter identifying the citizenship of all three Defendants. (Doc. 9.) Based on the representations that Plaintiff made in this filing, I am satisfied that Plaintiff has adequately clarified the citizenship of all Defendants and that the parties are completely diverse. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) ("For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners."); *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (similar).

1

That said, when subject-matter jurisdiction is predicated on diversity jurisdiction, "complete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction," *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2019), meaning that I "may at any time in the course of litigation consider whether such [diversity] jurisdiction exists," *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 133 (2d Cir. 2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moving forward, either party should inform me if they believe that complete diversity between the parties in this matter does not exist.

Accordingly, it is hereby:

ORDERED that I decline to remand this case, pursuant to 28 U.S.C. § 1447(c) or otherwise, at this time.

SO ORDERED.

Dated: August 24, 2021
New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge