UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL FRANKO,<br><br>    Plaintiff,<br><br> v.<br><br>OSKAR LEWNOWSKI, ORION RESOURCE PARTNERS (USA) L.P., ORION COMMODITIES GP LIMITED, ORION COMMODITIES MANAGEMENT LLC, AND JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:21-cv-06115-VSB<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

VERNON S. BRODERICK, United States District Judge:

   The parties have informed the Court that certain documents and information have been and may be sought, produced, or exhibited by and between the parties in the above-captioned proceeding (the "Proceeding") and that some of these documents relate to the parties' and third parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential.  It has been agreed by the parties to this Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court.  The Court has reviewed the terms and conditions of this Protective Order.  Based on the parties' submissions, it is hereby ORDERED that:

   1.  The following definitions shall apply to this Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"):

- The term **"Designating Party"** means the Party, person or entity designating documents or information as Protected Information under this order;

- The term **"Receiving Party"** means the Party, person or entity to whom Protected Information is disclosed; and

- The term **"Protected Information"** means, collectively, information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or information containing Personally Identifying Information ("PII").

2. Protected Information will be held and used by the Receiving Party solely for use in connection with this Proceeding.

3. Counsel for any Party may designate any document or information, in whole or in part, as confidential if the Designating Party determines, in good faith, that such a designation is necessary to protect the interests of the Designating Party (or a third party) in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Designating Party as confidential will be stamped or otherwise identified as **"CONFIDENTIAL."**

4. Counsel for any Party may designate any document or information, in whole or in part, as highly confidential that the Designating Party reasonably believes contains trade secrets or other information that the Designating Party reasonably believes the unauthorized disclosure of which would result in competitive, commercial, privacy or financial harm to the Designating Party (or a third party) or their personnel, clients or customers including where confidentiality obligations are owed to a third party. Information and documents designated by a Designating Party as highly confidential under any such applicable statutes will also be stamped or otherwise identified as **"HIGHLY CONFIDENTIAL."**

5. Nothing in this Protective Order constitutes an admission by any Party that Protected Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Protected Information.

6. Nothing herein shall preclude the Parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

7. All documents or other information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. Outside counsel of record and employees of such counsel necessary to assist in the litigation;

   b. The requesting Party, including in-house counsel;

   c. Litigation consultants and vendors assisting in the processing of information, data storage, and collection in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   e. The Court (or other person having access to any Protected Information by virtue of his or her position with the Court).

8. All documents or information designated as "HIGHLY CONFIDENTIAL," shall not be disclosed to any person, except to persons identified in 7(a), 7(c), 7(d) and 7(e), and prior to disclosing or displaying the "HIGHLY CONFIDENTIAL" documents to any person identified in 7(c) and 7(d), counsel must:

   - Inform the person of the confidential nature of the information or documents;

   - Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   - Require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto.

9. With respect to documents containing Protected Information produced in Native Format, the Designating Party shall include the appropriate confidentiality designation in the filename.

10. With respect to all documents produced that contain Protected Information, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (e.g., "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL").

11. If a challenge is made, the Designating Party bears the burden of establishing justification for a confidentiality designation. Nothing in this Protective Order shall constitute a waiver of the Receiving Party's right to object to the designation or non-designation of produced documents, testimony, or information as Protected Information.

12. The Receiving Party may exercise its right to challenge a confidentiality designation if it discovers a legal basis giving rise to the challenge. However, prior to the use of the challenged documents in any filing, hearing, deposition or other use, the Receiving Party challenging a designation must provide the Designating Party ample time to respond to the challenge and for a meet and confer to occur as contemplated herein. A Receiving Party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by meeting and conferring directly with counsel for the Designating Party. The Receiving Party must identify each challenged document by Bates number. In conferring, the Receiving Party must explain, as to each challenged document or material, the legal basis and authority for its belief that the confidentiality designation was not proper. The Receiving Party must also give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.

13. In the absence of a resolution, the challenging Party may seek resolution by the Court in compliance with Judge Vernon S. Broderick's Individual Rules & Practices in Civil Cases ("Judge Broderick's Individual Rules"), and in particular in compliance with Judge Broderick's Individual Rules on Discovery Disputes, or the rules of the Court should the case be transferred to another judge.

14. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Protective Order.

15. A Party or person producing information in this action who, despite the exercise of due care, inadvertently or unintentionally produces or provides Protected Information without designating it Protected Information as provided in this Protective Order, may upon timely written notice (within 30 days of the discovery of the inadvertent production by the Designating Party, or as promptly as reasonable thereafter) to the Receiving Party or Parties designate the document, thing, other discovery information, response or testimony as Protected Information in accordance with the provisions of this Protective Order. The Receiving Party shall treat such documents, things, information, responses and testimony as Protected Information retroactively from the date such information was produced or disclosed in accordance with the provisions of this Protective Order. No Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such material had been disclosed or used in a manner inconsistent with the later designation, if the Party in good faith was unaware of its protected nature. Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall reasonably cooperate to

correct any disclosure to maintain the confidentiality of the previously undesignated information, without prejudice. Following written notice that a document or documents was not designated Protected Information under this provision, the Designating Party will provide the Receiving Party with replacement copies of such documents containing the proper designation within forty-eight (48) hours. Upon receipt of such replacement copies, the Receiving Party shall within twenty-four (24) hours destroy or return any copies of the undesignated or incorrectly designated documents, things, information, responses, or testimony and confirm the same in writing to the Designating Party.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery is considered Protected Information and shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Each party shall conduct a reasonable review of their documents for PII and make reasonable efforts to redact such PII to avoid and alleviate any possible harm. Nothing herein shall preclude the Designating Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

17. Receiving Parties must take reasonable precautions to protect Protected Information from loss, misuse and unauthorized access, disclosure, alteration and/or destruction. Such measures shall include:

- Reasonably preventing unauthorized persons from gaining access to Protected Information (physical access control);

- Reasonably preventing Protected Information from being used without authorization (logical access control) including, but not limited to, the use of passwords;

- Reasonably ensuring that persons entitled to use Protected Information gain access only to such Protected Information as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Information cannot be read, copied, modified or deleted without authorization (data access control);

- Reasonably ensuring that Protected Information cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Information by means of data transmission facilities can be established and verified (data transfer control); and

- Reasonably ensuring that Protected Information is processed solely in accordance with instructions from counsel or the terms of this Protective Order (control of instructions).

18. If disclosure is required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.

19. If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must, as soon as practicable: (a) notify the Designating Party in writing of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all of the terms of this Protective Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

20. If a privileged document is inadvertently produced, the Designating Party shall promptly, after discovery of such produced information, notify the Receiving Party that received the document and reference the document by Bates number. In the event the Receiving Party discovers a document it reasonably believes to be privileged, the Receiving Party will promptly notify the Designating Party of such document by Bates number. After discovering or being

notified of such a produced document, the Receiving Party must not use or disclose the document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the production. In addition, within five (5) days of discovering or being notified, any Receiving Party must return or destroy the specified document and any copies, and confirm such action to the Designating Party in writing. The Designating Party must retain a copy of the document until the resolution or termination of this action. Should the Receiving Party notify the Designating Party of its intent to challenge the designation, the Receiving Party may move the Court for an order compelling production of the document, but such Receiving Party may not assert the mere fact of production as a basis for waiver or disclose the content of the document at issue in its challenge. The challenging Party must identify each challenged document by Bates number. Within five (5) business days of being notified of the Receiving Party's intent to challenge the designation, the Designating Party shall either: 1) provide notice to the Receiving Party of the document's location in a previously produced Privilege Log, or 2) shall produce an updated Privilege Log with the challenged document included in the updated Privilege Log and its position in the Privilege Log identified in the production (e.g., email, cover letter, etc.). The production of any attorney-client privileged or work product protected documents or data, whether inadvertent or otherwise, is not a waiver in the pending action or in any other federal or state proceeding.

21. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Designating Party that such materials have been produced.

22. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall

be filed with the Court under seal or in redacted form. The Parties shall follow Judge Broderick's Individual Rules with respect to filing under seal. Per Judge Broderick's Individual Rules, the Parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

23. In the event a party determines that Protected Information sought in discovery requires additional safeguards pursuant to federal, state or foreign statutes, regulations or privacy obligations, the Parties will meet and confer in good faith to discuss these safeguards and whether any additional measures need to be implemented.

24. Notwithstanding the provisions of this Protective Order, the Parties may redact from any document, whether designated Protected Information or not, any privileged information or any non-responsive Protected Information. Protected Information in a responsive document may be redacted solely for non-responsiveness only where the document can be redacted without obscuring otherwise responsive information. For example, the portions of otherwise responsive spreadsheets that contain information that is Protected Information and non-responsive may be redacted where either a tab of a spreadsheet contains Protected Information and is non-responsive or where information within a tab of a spreadsheet may be redacted without obscuring otherwise responsive information. Similarly, non-responsive Protected Information, in a segregable portion of a memorandum, summary, presentation, or e-mail may also be redacted. When a Party redacts non-responsive Protected Information, that redaction will be labeled "Redacted [CONFIDENTIAL / HIGHLY CONFIDENTIAL] Non-Responsive." The Parties agree to meet and confer in good faith to attempt to resolve any dispute arising under this Paragraph.

25. Notwithstanding any of the foregoing provisions, nothing contained herein shall be construed as a waiver of a Party's ability to challenge redactions made in accordance with paragraph 24 pursuant to the procedures set forth herein. The burden as to establishing the necessity of any redaction remains on the Designating Party at all times.

26. Non-parties producing documents or information in connection with this action may make such production under the terms of this Protective Order.

27. This Protective Order shall continue in effect after the termination of this Proceeding and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

28. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Designating Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Counsel for the Parties shall not be required to delete information that may reside on their respective Parties' firms' or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, counsel for the Parties and/or the Parties shall not retrieve, access or use any Protected Information from said electronic disaster recovery systems or other data sources that are not reasonably accessible after the conclusion of the matter. Additionally, the Parties may retain (a) copies of pleadings, filings, transcripts, expert witness reports and exhibits (but not documents/materials merely cited in such reports), affidavits, and correspondence containing material designated Protected Information, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of

pleadings or other papers filed with the Court or served in the course of the action (and exhibits thereto), the depositions, the deposition exhibits and the trial record, so long as this Protective Order will continue to govern any such retained materials.

**SO ORDERED.**

Dated: September 28, 2023
      New York, New York

Vernon S. Broderick
United States District Judge

SO STIPULATED AND AGREED.

*/s/ Craig Dashiell*

Gavin J. Rooney
Craig Dashiell
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
(T): (212) 262-6700
(F): (212) 262-7402
grooney@lowenstein.com
cdashiell@lowenstein.com

Attorneys for Plaintiff

*/s/ Benjamin R. Nagin*

Benjamin R. Nagin
Eric G. Hoffman
Melanie Berdecia
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300 (tel)
(212) 839-5599 (fax)
bnagin@sidley.com
eric.hoffman@sidley.com
mberdecia@sidley.com

Attorneys for Defendants

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL FRANKO,<br><br>    Plaintiff,<br><br>  v.<br><br>OSKAR LEWNOWSKI, ORION RESOURCE PARTNERS (USA) L.P., ORION COMMODITIES GP LIMITED, ORION COMMODITIES MANAGEMENT LLC, AND JOHN DOES 1-10,<br><br>    Defendants. | Case No. 1:21-cv-06115-VSB<br><br>**DECLARATION OF COMPLIANCE WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

  I, the undersigned, _____ , hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in this action.

  I have read the Protective Order and have had any of the terms of the Protective Order that were unclear to me explained by counsel representing me in this matter. I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

  If I receive documents or information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order and I will treat all such information strictly in accordance with the terms and conditions of this Protective Order.

  I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order. I understand that any unauthorized use of such material that I receive may constitute contempt of court.

  I hereby submit myself and agree to be subject to any and all jurisdictions in which this Protective Order applies in this action for resolution of any matters pertaining to the Protective Order.

Dated: _____
Signature: _____
Print Name: _____
Address: _____
My present employer is: _____